## Campana v. Robert Packer Hospital

· *Clifford A. Rieders,* for plaintiffs.

*Joseph P. Mellody Jr.,* for defendants Felice L. Reitknecht, M.D., Frederick Rose, M.D. and Guthrie Clinic Ltd.

*Joseph R. Rydzewski,* for defendants Robert Packer Hospital and Guthrie Medical Center.

MOTT, *J.,* August 29, 1991—

## HISTORY

The plaintiffs in this medical malpractice action, by complaint filed May 14, 1991, have alleged negligent treatment by the named defendants. On May 21, 1991, the defendants, Robert Packer Hospital and Guthrie Medical Center, filed preliminary objections to the complaint. The hospital and medical center specifically objected to count VI of the complaint, subtitled "Informed Consent." In count VI, the plaintiffs allege liability on the part of the hospital and the medical center as a result of the failure of the named physicians to secure the informed consent of their patient, Louis F. Campana, one of the plaintiffs. These physicians practice at the hospital and medical center. The hospital and medical center contend that they cannot be held liable for these physicians' failure to secure informed consent, and therefore demand that count VI be stricken and dismissed from the complaint. In opposition, the plaintiffs assert that these corporate defendants can be held liable. The matter is now before the court for disposition.

## DISCUSSION

With its decision and holding in *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), the Pennsylvania Supreme Court approved a "corporate liability" theory such as is being asserted by the plaintiffs here, and this court is obligated to follow that ruling. This corporate liability theory "creates an nondelegable duty which the hospital owes directly to a patient." *Nason Hospital,* 527 Pa. 330, 339, 591 A.2d 703, 707. The Supreme Court identified the following four categories in which this duty has been imposed by other courts and "fully embraced" each of these categories:

"(1) A duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients." *Thompson v. Nason Hospital,* 527 Pa. 330, 339-340, 591 A.2d 703, 707. (citations omitted)

The hospital and medical center argue that a hospital should not "interfere with the medical relationship between a physician and his patient," and that "hospitals cannot be liable for failure to obtain informed consent or to ascertain whether informed consent has been obtained." During oral argument, it was suggested that the *Nason Hospital* decision should not be applied in the context of informed consent litigation. The court disagrees.*

---

* The court acknowledges that there are factual differences between the *Nason Hospital* case and the case at bar. In *Nason Hospital,* the court decided that liability could attach to the hospital where a variety of physicians rendered treatment and consultation to an accident victim. Here, the issue is whether liability may attach for a battery arising from the lack of informed consent. Mindful of these differences, however, it

As stated above, the *Nason Hospital* holding applies the "corporate liability" theory to four general areas. The third and fourth categories are particularly important with respect to the case at bar. The securing of informed consent to medical procedures is directly related to a duty to oversee all persons who practice medicine within the hospital's walls as to patient care. Likewise, it is in the hospital's power to formulate rules insuring quality care, and these rules can include rules governing informed consent. Given the existence of these duties to supervise medical practitioners and to formulate and enforce rules to ensure quality care, as annunciated in the *Nason Hospital* case, the court concludes that the hospital and medical center had a duty to the plaintiffs in the instant case with respect to informed consent. Accordingly, count VI of the complaint, which alleges a breach of this duty, must stand.

## CONCLUSION

With the *Nason Hospital* decision, the Pennsylvania Supreme Court has adopted a "corporate liability" theory with respect to hospitals and their endeavors. Under this theory, hospitals may be liable for physicians' failure to obtain patients' informed consent. Thus, count VI of the complaint here does state a cause of action for which relief may be granted. Therefore, the defendants' preliminary objections must be overruled.

---

appears to the court that *Nason Hospital* presents the *weaker* case for the application of corporate liability. A hospital may encounter extreme difficulty monitoring the services and treatments rendered in an emergency setting such as was present in *Nason Hospital,* but surely a hospital can be expected to promulgate comprehensive rules regarding the obtaining of informed consent and to provide sufficient monitoring to insure that those rules have been complied with.

For the foregoing reasons, the court enters the following

## ORDER OF COURT

And now, August 29, 1991, in accord with the opinion filed this date, the preliminary objections of the defendants, Robert Packer Hospital and Guthrie Medical Center, are overruled and dismissed. Said defendants are directed to file an answer to the complaint within 20 days of the date of this order.